# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

U.S. BANK NATIONAL ASSOCIATION, )
                                       )

       Petitioner,            )

                                     )

       v.                     )         Case No. 4:19-cv-02033

                                     )

SUZOHAPP AMERICAS, LLC,        )

                                     )

       and               )

                                     )

COIN ACCEPTORS, INC.,          )

                                     )

       Respondents.      )

## MEMORANDUM AND ORDER

This matter is before the Court on Respondent Coin Acceptors, Inc.'s Motion to Remand in this interpleader action. (Doc. 9.) Respondent Suzohapp Americas, LLC opposes remand. (Doc. 13.)

## Background

In February 2018, Suzohapp and Coin Acceptors "entered into a certain Purchase Agreement whereby Suzohapp agreed to purchase certain assets from Coin Acceptors." (Doc. 2 at ¶ 6.) Within the Purchase Agreement, "Suzohapp and Coin Acceptors agreed to deposit $600,000 with[Petitioner] U.S. Bank as escrow agent." (*Id.*) The escrow agreement allowed Suzohapp to make a claim for some or all of the money but provided that, if Suzohapp's demand was deemed invalid, all available escrow funds would be "released to Coin Acceptors." (*Id.* at ¶ 7.)

Suzohapp subsequently "delivered a written notice asserting that it was entitled to the entire balance of $600,000 held by U.S. Bank as Escrow Agent." (*Id.* at ¶ 8.) Coin Acceptors challenged

the validity of Suzohapp's claim and asserted that it was entitled to the $600,000 held by U.S. Bank. (*Id.* at ¶ 9.) In response, U.S. Bank filed a Petition for Interpleader in the Circuit Court of St. Louis County, Missouri, naming Coin Acceptors and Suzohapp as defendants. (*Id.* at ¶¶ 12-14.) Coin Acceptors filed its Answer as well as counter- and cross-claims against Suzohapp in state court. (Doc. 7.)

On July 19, 2019, Suzohapp removed the case to the Eastern District Court of Missouri, citing both the federal interpleader statute, 28 U.S.C. § 1335, and diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1.) Coin Acceptors filed this Motion to Remand, arguing that the Forum Defendant Rule prevents removal because it is a citizen of Missouri and adding that Suzohapp failed to obtain Coin Acceptor's consent to remove. (Docs. 9, 10); 28 U.S.C. § 1441(b). In addition, Coin Acceptors argues that U.S. Bank's failure to deposit the escrow funds in federal district court is fatal to removal. (Docs. 9, 10.) Suzohapp responds that realigning the parties would solve both the forum defendant and consent issues. (Doc. 13.) Suzohapp also asserts that failure to deposit escrow funds in this Court is an issue easily cured. (*Id.*)

**Legal Standard**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." 28 U.S.C. § 1441(a); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Federal district courts have original jurisdiction in civil actions of interpleader if the amount in controversy is above $500, the plaintiff has deposited the contested funds in the court registry, and minimal diversity exists between adverse claimants. 28 U.S.C. § 1335. Federal district courts also have original jurisdiction in civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party invoking jurisdiction

bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Prempro*, 591 F.3d at 619 (citing *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005)). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

## Discussion

U.S. Bank is a citizen of Ohio, Suzohapp is a citizen of both Illinois and Delaware, and Coin Acceptors is a citizen of both Iowa and Missouri. (Doc. 1 at ¶ 7.) Coin Acceptors argues that because it is a citizen of Missouri, Suzohapp's removal is barred by the Forum Defendant Rule. (Doc. 10 at 3); 28 U.S.C. § 1441(b). Suzohapp argues that realignment of the parties will cure these defects. (Doc. 13 at 10-14.)

"It is the duty of the federal courts to look beyond the pleading and to arrange the parties according to their sides in the dispute," considering "the principal purpose of the suit." *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966) (citation omitted). Because "[t]he principal purpose of [an interpleader] suit is to determine who is entitled to the funds," the court must first place the claimants on opposite sides. *Farmers Bank & Tr. Co. v. Ameris of Arkansas, LLC*, No. 3:10-CV-00173 BSM, 2010 WL 4269192, at *1 (E.D. Ark. Oct. 25, 2010). Next, because the interpleader's interest in the case is terminated once it interpleads the funds, it is removed from the analysis. *Id.* The only remaining question is which claimant should be the plaintiff and which should be the defendant. *Id.* When answering that question, courts should realign the parties so that their "rights are the same as they would have been had they not been artificially aligned as co-defendants in the interpleader action." *Id.* at *4.

The Court concludes that this case would end up in federal court, as Suzohapp seeks, no matter how the claimants are realigned. That is because, if Coin Acceptors had brought action

against Suzohapp in state court, Suzohapp would have removed the case to federal district court, and neither the Forum Defendant Rule nor a lack of consent would stand in the way. If, instead, Suzohapp was the plaintiff, it appears that it would have filed suit directly in federal court, as it now seeks federal jurisdiction, and Coin Acceptors would have no basis for remand because the Forum Defendant Rule only applies to removal actions.

The Court will therefore adopt Suzohapp's proposed realignment, which designates Coin Acceptors as plaintiff and Suzohapp as defendant. The Court recognizes that realignment always poses some arbitrariness, but because the outcome in this case is the same regardless of alignment, the Court is comfortable aligning the parties as Suzohapp suggests. Further, the Court notes Coin Acceptors's arguments that depositing the interpleaded funds into the court registry is necessary for jurisdiction under Section 1335, but finds that, because it has found that it has diversity jurisdiction, this depository requirement is not a bar to proceeding.

## Conclusion

The Court concludes that it has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court will restyle Coin Acceptors as an additional plaintiff; U.S. Bank will remain Plaintiff for purposes of the interpleader actions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Coin Acceptors, Inc.'s Motion to Remand (Doc. 9), is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall amend the style of the case as follows:

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COIN ACCEPTORS, INC., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-02033-JAR |
| | ) | |
| SUZOHAPP AMERICAS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**IT IS FINALLY ORDERED** that **within fourteen (14) days of the date of this Order,** Petitioner U.S. Bank shall deposit into the Registry of the Court **$600,000**. Upon deposit of the disputed funds into an interest-bearing account with the Court, Petitioner is discharged from any further liability in this case.

Dated this 4th day of February, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE